CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 27 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DONTARION NOLAN,

        Petitioner,

v.

TERRY O'BRIEN, WARDEN,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 7:08CV00511

<u>MEMORANDUM OPINION</u>

By:  Glen E. Conrad
United States District Judge

Petitioner Dontarion Nolan, an inmate currently incarcerated at the United States

Penitentiary in Jonesville, Virginia ("USP Lee"), brings this pro se petition for a writ of habeas

corpus, pursuant to 28 U.S.C. § 2241.  In his petition, Nolan argues that he should be granted

prior custody credit toward his federal sentence for time served before imposition of that

sentence.  Respondent filed a motion to dismiss.  The court notified the petitioner of the

respondent's motion as required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) and

warned plaintiff that judgment might be granted for the respondent if petitioner did not respond

to the motion by filing affidavits or other documents contradicting or otherwise explaining

respondent's evidence and argument.  Petitioner has not responded; however, the time allotted by

the court  for his response has long since expired, making this action ripe for the court's

consideration.  Upon review of the record, the court finds that the motion to dismiss must be

granted.

<u>Background</u>

A November 5, 2002 indictment in the United States District Court for the Eastern

District of Tennessee charged Dontarion Nolan with being a felon in possession of a firearm and

possession, concealment, storage, and disposal of a stolen firearm.[1]  At that time, Nolan was in

---

[1] The background facts are drawn from the chronology of Nolan's criminal procedings and custody changes as set forth in respondent's Exhibit 1, the declaration of John A. Farrar, a Policy and
(continued...)

the custody of the State of Tennessee, where he was serving a two-year state term of imprisonment for attempted aggravated burglary. On December 9, 2002, the United States Marshals Service borrowed Nolan from Tennessee authorities via a federal writ of habeas corpus ad prosequendum. Nolan pleaded guilty to Count One of the federal indictment on February 13, 2003. On April 8, 2003, while Nolan was still under the federal writ, Tennessee state authorities released him from his state prison term to the federal detainer. Nolan was sentenced in federal court on May 19, 2003 to a 100-month term of imprisonment on his conviction for being a felon in possession of a firearm.

In accordance with Program Statement 5880.28, Sentence Computation Manual of 1984 and 18 U.S.C. § 3584(a) and 3585(a), the BOP prepared a sentence computation for Nolan, commencing his federal sentence on the date when it was imposed, May 19, 2003. In accordance with 18 U.S.C. § 3585(b)(1), the computation granted Nolan 40 days of prior custody credit for the time period from April 9, 2003 through May 18, 2003, the time between his release from his state sentence to the federal detainer and the imposition of his federal sentence.

The BOP released Nolan on March 10, 2004, via the Interstate Agreement on Detainers Act to the State of Tennessee to face outstanding state charges. The state court sentenced him on March 15, 2004, to a 10-year term of imprisonment for aggravated robbery, with the sentence to run concurrent to the federal sentence. The state court also granted him pretrial jail credit from February 18, 2002, to March 15, 2004, to be applied to his state sentence. State authorities returned Nolan to federal custody on March 19, 2004 to serve his concurrent federal and state sentences in a federal correctional facility. Nolan's projected release date from the BOP is July 13, 2010.

---

[1] (...continued)
Correspondence Specialist employed by the United States Department of Justice Bureau of Prisons ("BOP"). Nolan does not dispute any aspect of Farrar's declaration.

Case 7:08-cv-00511-GEC-mfu   Document 13   Filed 04/27/09   Page 2 of 5   Pageid#: 68

## Discussion

Once the district court has imposed an inmate's federal criminal sentence, the United States Attorney General, through the BOP as that official's delegate, is responsible for calculating the inmate's term of confinement, including determination of the appropriate credit to be granted for jail time served before sentencing. See United States v. Wilson, 503 U.S. 329, 334 (1992). A challenge to the computation and execution of a sentence, as opposed to its legality, is properly brought under § 2241 in the district of confinement rather than in the sentencing court. See, e.g., United States v. Miller, 871 F.2d 488, 4990 (4th Cir. 1989) (finding that § 2241 petition is proper remedy for seeking credit against sentence for time served before trial).

When an inmate has sentences imposed by federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied. U.S. v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (restating this principle of primary jurisdiction as set out in Ponzi v. Fessenden, 258 U.S. 254, 260 (1922)). "A detainer neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law." Thomas v. Whalen, 962 F.2d 358, 360 (4th Cir. 1992). Similarly, a writ of habeas corpus ad prosequendum does not change the defendant's primary custody status, as the writ only authorizes federal authorities to "borrow" the defendant for court proceedings. Id. at 358 n.3 (citing other cases). A federal sentence commences "on the date when the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Prior custody credit cannot be granted against a federal criminal sentence for any period of time for which petitioner has received credit toward another sentence, state or federal. See § 3585(b); United States v. Wilson, 503 U.S. 329, 337 (1992).

Nolan's § 2241 petition and claims are properly filed in and addressed by this court. Nolan is currently incarcerated at USP Lee, which is located within the territorial jurisdiction of

Case 7:08-cv-00511-GEC-mfu   Document 13   Filed 04/27/09   Page 3 of 5   Pageid#: 69

this court. He asserts that although the federal judge at the sentencing hearing granted him 120 days of prior custody credit, the BOP has not granted him credit for this number of days, which he served before the commencement of his federal sentence.[2]

The court concludes that Nolan's federal term of confinement has been properly computed and that he has received all the prior custody credit to which he is entitled under federal law. First, the sentencing court had no jurisdiction to grant credit for jail time served before sentencing, as this function rests with the BOP. Second, Tennessee state authorities had primary jurisdiction over Nolan from the time of his arrest on state charges until his release from his state sentence to the federal detainer on April 8, 2003. State authorities did not relinquish primary custody of Nolan during the period when federal authorities borrowed him under the writ of habeas corpus ad prosequendum–December 9, 2002 to April 8, 2003. Federal authorities first obtained primary custody over Nolan on April 8, 2003 and maintained that custody until his federal sentence was imposed on May 19, 2003 and from that point forward, including the present. Thus, Nolan is not entitled to prior custody credit for time served between December 9, 2002 and April 8, 2003, because the state retained primary custody over him during this period and because he received credit for this time against his state sentence.

Third, it is undisputed that Nolan received credit against his federal sentence for time served between April 8 and May 19, 2003. He was entitled to this credit because he served this time related to the offense for which his sentence was imposed and because he did not receive credit against any other sentence.

## Conclusion

Nolan has not demonstrated that he is entitled to any additional credit against his federal sentence for any period of time served before his federal sentence was imposed. As he thus fails

---

[2] Nolan also asserts that if his sentence had been properly computed, he would have been transferred much sooner to a halfway house, pursuant to the Second Chance Act. As the court finds that the sentence was properly computed, Nolan's halfway house argument is moot.

-4-

to state any ground upon which he is entitled to relief under § 2241, the court will grant the warden's motion to dismiss. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(2). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 27th day of April, 2009.

_____
United States District Judge

Case 7:08-cv-00511-GEC-mfu    Document 13    Filed 04/27/09    Page 5 of 5    Pageid#: 71